# United States District Court
### for the
### Western District of New York

United States of America

v.

JENSEN VAZQUEZ a/k/a Joey, and
KYLAH SEIBERG

*Defendants*

24-MJ- 1218

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

**COUNT 1**
**(Narcotics Conspiracy)**

Beginning in or before August 2024, and continuing until on or about September 3, 2024, the exact dates being unknown to the United States Attorney, in the Western District of New York, and elsewhere, the defendants, **JENSEN VAZQUEZ a/k/a Joey and KYLAH SEIBERG,** did knowingly, willfully, and unlawfully combine, conspire, and agree together and others, known and unknown, to commit the following offenses, that is, to possess with intent to distribute, and to distribute: 40 grams or more of a mixture and substance containing N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (fentanyl), 50 grams or more of methamphetamine, and cocaine each a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C).

**All in violation of Title 21, United States Code, Section 846.**

**COUNT 2**
**(Possession with Intent to Distribute Controlled Substances)**

On or about the date of August 17, 2024, in the County of Chautauqua, in the Western District of New York, the defendants, **JENSEN VAZQUEZ and KYLAH SEIBERG**, did knowingly, intentionally and unlawfully possess with intent to distribute and distribute 50 grams or more of methamphetamine, a substance containing 40 grams or more of fentanyl, and cocaine, each a schedule II-controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B), and 841(b)(1)(C).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*T.F.O. Powers*

*Complainant's signature*

RONALD C. POWERS
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

*Printed name and title*

Criminal Complaint submitted electronically by e-mail in .pdf format. Oath administered, and contents and signatures attested to me telephonically pursuant to Fed R. Crim. P. 4.1 as true and accurate.
Date: October 25, 2024

*Judge's signature*

HONORABLE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE

City and State:  Buffalo, New York

*Printed name and title*

## AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE      )   SS:
CITY OF BUFFALO     )

I, **Ronald C. Powers**, Task Force Officer of the Drug Enforcement Administration, United States Department of Justice, Buffalo, New York, having been duly sworn, depose and state as follows:

1.  I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) and as such, I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in the Comprehensive Drug Abuse Prevention and Controlled Substance Act of 1970, Title 21 of the United States Code (USC), as amended. As a Task Force Officer with the DEA, your affiant is also an investigative law enforcement officer of the United States of America within the meaning of Section 2510 (7) of Title 18 United States Code (USC). I have been assigned to the Drug Enforcement Administration (DEA) since October of 2023.

2.  I have been a Police Officer for over 16 years. During this time, I have ascended to the rank of Detective and am currently assigned to the Jamestown Metro Drug Task Force. I have participated in hundreds of criminal investigations including follow-up investigations resulting in hundreds of arrests. I have had occasion to interview and speak with numerous witnesses, victims, defendants, informants and persons with knowledge who were someway involved in criminal activity. As a result of this background, I am familiar with the activities

of the criminal element within this community and how they tend to operate. Through experience and training, your affiant has learned the following facts: I am familiar with informant handling/debriefing, drug packaging, pricing, importation, trafficking methods, surveillance and counter surveillance techniques and with how controlled substances are cultivated, manufactured, processed, packaged, distributed, sold, and used within the framework of drug trafficking.

3.  My investigative experience, as well as the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein.

4.  I make this Affidavit in support of an application for a Criminal Complaint charging **JENSEN VAZQUEZ a/k/a Joey and KYLAH SEIBERG** with conspiracy to possess with intent to distribute, and to distribute, and possession with intent to distribute, (i) 50 grams or more of methamphetamine, (ii) 40 grams or more of a substance containing fentanyl, and (iii) cocaine, all a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C). This affidavit is submitted for a limited purpose, and as a result, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information set forth in this affidavit as a result of my personal investigation, discussions with other law enforcement officers or statements provided by other law enforcement personnel, DEA Special Agents (SA) and Task Force Officers (TFO), which have been reported to me, and examination of various documents and records, videos and photographs in this investigation.

5.      I personally have participated in the investigation of Jensen VASQUEZ a/k/a Joey (DOB: 1986) and Kylah SEIBERG (DOB: 1995) for the offenses set forth below and as a result I am familiar with the facts and circumstances of this investigation both through my personal knowledge and based on my conversations with a review of materials produced by fellow law enforcement officers.  Based upon that information, I assert that the articulated facts establish grounds for the issuance of a Criminal Complaint and an arrest warrant for Jensen VAZQUEZ a/k/a Joey and Kylah SEIBERG.  This affidavit is intended to show simply that there is sufficient probable cause for the requested Criminal Complaint and does not set forth all of my knowledge about this matter.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## PROBABLE CAUSE

6.      Jensen VAZQUEZ is currently serving a term of federal Supervised Release under WDNY Docket 17-CR-89.  VAZQUEZ commenced his current term of supervised release on May 29, 2024.  On or about August 9, 2024, VAZQUEZ informed his supervising probation officer that he was moving into a room at 84 Victoria Avenue, Jamestown, New York.  On or about August 15, 2024, VAZQUEZ informed his supervising probation officer that he would be residing at 84 Victoria Avenue with an individual "T.W."  This information was false, and VAZQUEZ was residing at 84 Victoria Avenue with Kylah SEIBERG.  As of August 17, 2024, VAZQUEZ's supervising probation officer had not yet conducted a home inspection or home visit at 84 Victoria.  VAZQUEZ used phone number 315-992-3434 to

communicate with his supervising probation officer during the period of his supervision immediately preceding August 17, 2024.

7. 84 Victoria Avenue is a multi-unit home on the south side of Victoria Avenue, just south of the Chadakoin River, and between Foote Avenue to the east and Institute Street to the west. 84 Victoria has a front lower apartment accessible through an external door facing Victoria Avenue. Apartment 2, the upper apartment, is accessible via a side door on the west side of the building. The west side door leads to a small landing and a stairway to the upper unit. There are no additional doors between the external west side door and the upper unit.

8. On August 17, 2024, at about 1:05 a.m., Jamestown Police dispatch received a 911 call from the number ending -3434 requesting emergency assistance for a serious head injury at 84 Victoria Avenue, Jamestown, New York. Emergency medical personnel and police were both dispatched. Upon arrival, paramedics found Victim #1 laying in a pool of blood at the bottom of the stairs leading to Apartment 2, with the side door open. Victim #1 appeared to have been shot through the eye while standing in the doorway to Apt. #2, either by someone standing inside the stairway or outside on the side porch. It appeared to investigators that the bullet went through his head, through the door and lodged in the wall. Victim #1 was removed from the scene, treated for his injuries and survived the injuries. The investigation of this shooting remains ongoing. During an interview with Victim #1, JPD officers learned that shortly before the shooting occurred, an individual known as "Billy" visited VAZQUEZ and SEIBERG at their shared apartment at 84 Victoria Avenue and purchased a firearm from VAZQUEZ.

9. JPD Officers responded to 84 Victoria on August 17, 2024, at about 1:16 a.m., shortly after EMS arrived. JPD officers found VAZQUEZ coming down the stairs from Apartment 2 holding a towel and wearing only shorts. JPD officers also encountered VAZQUEZ's girlfriend, Kylah SEIBERG, standing on the side porch wearing a towel and holding a cell phone. SEIBERG resided at 84 Victoria Avenue, Apt. #2 on and before August 17, 2024.

10. VAZQUEZ informed JPD officers, in substance, that he was present at 84 Victoria Ave, Apt. 2 throughout the day, and he had been present inside Apt. #2 with SEIBERG and SEIBERG's cousin, Victim #1. VAZQUEZ claimed that he had recently returned to the unit from running an errand on his black E-bike. When he got inside the apartment, he asked Victim #1 to bring the e-bike upstairs. After Victim #1 went downstairs, VAZQUEZ heard a bang and found Victim #1 laying on the floor at the bottom of the stairs. VAZQUEZ repeatedly claimed that his black e-bike appeared to be stolen, suggesting that the stolen e-bike was connected to the shooting.

11. VAZQUEZ and SEIBERG gave law enforcement consent to check and clear the apartment of any other individuals. VAZQUEZ led the officers upstairs, gave them a tour of the apartment to show them nobody was hiding upstairs, and agreed to secure his dog in the bathroom. During the process, officers observed a black e-bike in one of the spare bedrooms, contradicting VAZQUEZ's claim that the e-bike had been stolen.

12. After getting dressed, SEIBERG gave consent to JPD officers to conduct a search Apt. #2 for evidence connected to the shooting of her cousin. During the course of the investigation, JPD officers confronted VAZQUEZ with his apparent lie that his e-bike had been stolen. After being confronted with this inconsistency, VAZQUEZ and SEIBERG became confrontational and revoked their prior consent to search the apartment. VAZQUEZ and SEIBERG left the scene shortly thereafter.

13. JPD Lt. Greg Wozneak sought and obtained a search warrant for 84 Victoria Avenue, Apt. #2, and for the vehicle parked in front of 84 Victoria, a 2015 Chevy traverse bearing license plate NY LJD1680. Jamestown City Court Judge George Panebianco authorized the search warrant for the apartment and the vehicle. JPD officers began executing the search warrant at about 8:30 a.m.

**AUGUST 17, 2024, SEARCH OF 84 VICTORIA AVENUE, APT. 2**

14. The side entrance to 84 Victoria leads to a staircase, which leads to the second floor. At the top of the staircase, to the right is the kitchen, bedroom #1 and the bathroom. At the top of the staircase, to the left is the main living area and bedroom #2 and bedroom #3. SEIBERG identified Bedroom #2 as her bedroom. Bedroom #3 is the bedroom where JPD located the e-bike that VAZQUEZ claimed had been stolen.

15. During the search of Bedroom #1, JPD officers found a cardboard box containing several items. Inside a bag within the cardboard box, law enforcement found the following items: DEA Exhibit 1: 103.1 grams of pure methamphetamine (105.3 total grams, 98 percent pure); DEA Exhibit 3: 49.9 grams of a substance containing fentanyl and xylazine,

6

both analyzed by the DEA Laboratory. Additionally, law enforcement found approximately 27 grams of a substance containing cocaine, which field tested positive for cocaine, approximately 13 additional grams of a substance containing fentanyl, approximately 48 grams of acetaminophen (commonly used as cutting agent for narcotics), and a blender with white powder residue.

16. Law enforcement searched the rest of the apartment as well. Among other items, law enforcement found digital scales, calibration weights used for calibrating digital scales, handgun magazines and ammunition, additional assorted small bags of narcotics, currency and identification cards belonging to Jensen VAZQUEZ, Kylah SEIBERG and other individuals.

17. Law enforcement also searched the 2015 Chevy traverse bearing license plate NY LJD1680 and found a black bag containing a 9mm handgun, the same caliber as the bullet that that shot Victim #1. The bag containing the 9mm firearm was located on the floor in front of the front passenger seat. Law enforcement also found the title to the 2015 Chevy Traverse inside the vehicle, which shows that SEIBERG is the owner of the vehicle.[1]   After searching the 2015 Traverse, law enforcement left the car parked in front of 84 Victoria.

---

[1] The Chevy Traverse bearing license plate LJD-1680 is registered to J.R. but is owned and operated by SEIBERG. The title to the traverse bears SEIBERG's name. JPD officers stopped SEIBERG on or about June 18, 2024 after observing her operating the same Traverse without a license. JPD Officers found a bag inside of the Traverse on June 18, 2024 that contained two firearms, one of which was stolen, and approximately one ounce of methamphetamine. SEIBERG denied ownership of the bag. Additionally, JPD officers reviewed surveillance footage from August 17, 2024, several minutes prior to the shooting describe above, and the surveillance footage depicted an individual appear to come out of 84 Victoria Avenue, Apt. #2, walk over to the Traverse, open the door and lean into the vehicle before walking back into 84 Victoria, Apt. #2.

18. VAZQUEZ and SEIBERG left the vicinity of 84 Victoria Avenue sometime between 4:30 a.m. and 8:30 a.m., prior to the recovery of the narcotics, firearm and drug distribution paraphernalia, and other items, described above. Both VAZQUEZ and SEIBERG hid out in Jamestown for approximately 2 days and then fled the jurisdiction and remained at large until September 3, 2024.

19. On or about August 23, 2024, Vasquez and SEIBERG arrived in Florida driving the 2015 Chevy Traverse bearing license plate LJD1680. VAZQUEZ lost the keys to the Traverse at the beach. The Traverse was later towed and is currently impounded in Pinellas County, Florida. On or about September 2, 2024, SEIBERG and VAZQUEZ stole a Buick with Florida plates 066-4XU registered to SEIBERG's father. VAZQUEZ and SEIBERG drove the Buick to Jamestown, New York and the Buick was left parked in a parking lot across the street from 84 Victoria Avenue on September 3, 2024.

**SEPTEMBER 3, 2024, SEARCH OF 84 VICTORIA AVENUE, APT. #2**

20. On September 3, 2024, law enforcement received information that people were inside of 84 Victoria Avenue, Apt. #2. JPD responded to investigate the tip. JPD officers encountered SEIBERG, asked her to step outside and arrested her. JPD officers learned that VAZQUEZ was hiding inside of Apt. #2. SEIBERG declined to provide consent for law enforcement to enter the apartment. JPD officers sought and obtained a search warrant for the apartment, which was signed by Jamestown City Court Judge Lamancuso on September 3, 2024.

21. As JPD officers were attempting to locate VAZQUEZ inside the apartment at 84 Victoria Avenue, one of the JPD officers observed SEIBERG attempt to climb out of a second story window in an attempt to flee from law enforcement. When confronted by the uniformed officers, SEIBERG climbed back inside the apartment. Shortly thereafter, SEIBERG came downstairs and continued to refuse to come outside. During this period, SEIBERG repeatedly told officers that VAZQUEZ was not inside the apartment and that he was in Buffalo, or possibly Dunkirk, and that she could provide his address. This was not true, and officers later found VAZQUEZ hiding in the attic accessible through the upper apartment.

22. After securing the search warrant, JPD SWAT entered the apartment and found VAZQUEZ hiding in the insulation in the attic. Adjacent to where VAZQUEZ was found, law enforcement recovered a bag containing approximately 65 grams of a purple substance that field tested positive for fentanyl. Law enforcement also recovered two cellular telephones from a bag Vasquez was holding.

23. Later, after complaining of stomach pain, SEIBERG was treated at local hospital while in police custody. SEIBERG was found to possess over 7 grams of a substance that appeared to be fentanyl in a plastic bag hidden inside of her body. Several days later, at the Chautauqua County Jail law enforcement recovered an additional bag containing approximately 15 grams of a substance that appeared to be fentanyl.

24. Based on your Affiant's training and experience, your Affiant is aware that the amounts of suspected fentanyl and methamphetamine and cocaine described above are indicative of distribution, not personal use.

25. WHEREFORE, based on the foregoing, your affiant respectfully submits that probable cause exists to believe that **JENSEN VAZQUEZ and KYLAH SEIBERG** violated Title 21, United States Code, Sections 846, and 841(a)(1), conspiracy to possess with intent to distribute, and to distribute, and possession with intent to distribute, (i) 50 grams or more of methamphetamine, (ii) 40 grams or more of a substance containing fentanyl, and (iii) cocaine, all a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C), and requests that a criminal complaint and arrest warrant as aforesaid is issued.

*T.F.O. Powers*

RONALD C. POWERS
TASK FORCE OFFICER
Drug Enforcement Administration

Affidavit submitted electronically by e-mail in
.pdf format. Oath administered, and contents and
signatures attested to me telephonically pursuant to
Fed R. Crim. P. 4.1 as true and accurate.
this 25th day of October, 2024.

HONORABLE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE

10